UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF TRANSGENDERED PEOPLE (NAATP) and its president MELISSA SUE ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE LEGISLATURE OF THE STATE OF IDAHO,<br><br>Defendant. | Case No. 1:20-cv-00098-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO DISMISS (DKT. 3)** |

Pending is Defendant's Motion to Dismiss (Dkt. 3). Having carefully considered the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

### BACKGROUND

Plaintiffs filed this pro se action on February 26, 2020, claiming that "The Idaho State Legislature is trying to violate a federal court order that states transgender people can change their birth certificate to their perceived gender. They are trying to deny playing sports with others of their perceived gender as well." Compl. ¶ III (Dkt. 1). Plaintiffs seek an order requiring "the State of Idaho to cease and desist in all acts that discriminate against transgender people and all members of the LGBT community." *Id.* ¶ IV. Additionally, they seek "a fine of [$]10,000 for each violation[,] to be distributed to Idaho schools." *Id.* The only Defendant named in the Complaint is the State Legislature of the State of Idaho.

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 1**

Defendant moved to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1), arguing that this Court lacks subject matter jurisdiction to hear and decide Plaintiffs' claim.  (Dkt. 3.)  It frames the Complaint as "asking the Court to enjoin the Idaho legislature from performing its legislative functions, or alternatively to fine the Legislature for unspecific 'violation[s]'."  Def.'s Mem. ISO MTD 1–2 (Dkt. 3-1).  It argues these claims are barred by sovereign immunity under the Eleventh Amendment, because the State of Idaho has not consented to allow the Legislature to be sued for claims such as these.

As pro se litigants unrepresented by counsel, Plaintiffs were provided a standard "Notice to Pro Se Litigant of Your Rights and Obligations Re: the Opposing Party's Motion for Judgment or Dismissal," which generally described the procedure relating to motions to dismiss and specifically advised, in bold text, that their "Response … is REQUIRED."  (Dkt. 6 at 2.)  The Notice also "warned" Plaintiffs that if they did not timely file a response, the Court "may grant the motion based on the record before it, or it may dismiss your entire case for failure to prosecute (abandonment of your case)."  *Id.*  Notwithstanding the Notice, Plaintiffs did not respond to Defendant's Motion to Dismiss.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction.  The party bringing the case in federal court must demonstrate that jurisdiction is proper in that court.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.  *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  If there is no subject matter jurisdiction, the claim must be dismissed.  Fed. R. Civ. P. 12(h)(3).

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 2**

## DISCUSSION

**1. Defendant's Motion to Dismiss Is Granted.**

Defendant's memorandum argues:

> The States enjoy sovereign immunity; a private party cannot sue a State in federal court without the State's consent or a valid abrogation of sovereign immunity by Congress. *Va. Office of Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011); *Richardson v. IDHW*, No. 2:10- cv-00648-BLW, 2012 WL 667874, at **1–3 (D. Idaho Feb. 10, 2012). Rule 12(b)(1) is a proper vehicle for raising sovereign immunity because it is a "quasi-jurisdictional" defense. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). "The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010).
> 
> A lawsuit against the Legislature is a lawsuit against the State of Idaho. *See* Idaho Const. art. II ("The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial . . . ") and art. III, § 1 ("The legislative power of the state shall be vested in a senate and house of representatives.").
> 
> The State of Idaho has not consented to be sued in federal court. *Bear Crest Ltd. LLC v. Idaho*, No. 4:18-CV-00469-CWD, 2019 WL 3220575, at *3 (D. Idaho July 17, 2019) ("The State [of Idaho] has not waived its immunity, and Plaintiffs do not contest that the Eleventh Amendment bars their claims against the State of Idaho."). *See also* Idaho Code § 6–903(6) ("Nothing in this act shall enlarge or otherwise adversely affect the liability of an employee or a governmental entity. Any immunity or other bar to a civil lawsuit under Idaho or federal law shall remain in effect."); *Mazur v. Hymas*, 678 F. Supp. 1473, 1475 (D. Idaho 1988) ("[T]he Tort Claims Act specifically provides that immunities under federal law shall remain in effect.").
> 
> This Court lacks subject matter jurisdiction to hear Plaintiffs' claims based on Eleventh Amendment sovereign immunity, which applies to both injunctive and damages claims. The State of Idaho has not waived Eleventh Amendment immunity. Additionally, Plaintiffs have not identified any proper basis for the Court's subject-matter jurisdiction, let alone authority showing that Congress validly abrogated the State's immunity with regard to Plaintiffs' claims.

Def.'s Mem. ISO MTD 2–3 (Dkt. 3-1).

Plaintiffs did not oppose the motion or otherwise seek to establish that this Court has subject matter jurisdiction to consider their claims.

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 3**

Defendant's Motion to Dismiss will be granted.  The Idaho Legislature is not subject to being sued directly.  Mechanisms exist to challenge laws that have been duly enacted by the Idaho Legislature, but Plaintiffs' Complaint in this case does not challenge a specific, enacted law and it improperly targets the Idaho Legislature directly.  Such a Complaint cannot be heard by this Court due to the principle of sovereign immunity.[1]

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt. 3) is **GRANTED**.  Plaintiffs' Complaint is **DISMISSED, WITHOUT PREJUDICE**.  The Clerk of Court is directed to close this case.



DATED: **January 8, 2021.**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[1] Defendant also contends it has not been properly served and it seeks to preserve potential arguments it may later seek dismissal under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) if necessary.  Def.'s Mem. ISO MTD 2 n.1 (Dkt. 3-1).  The Court does not address in this decision whether such arguments have been properly preserved.

**MEMORANDUM DECISION AND ORDER RE: DEF.'S MOTION TO DISMISS – 4**